Encarnación Aboy Vda. de Cintrón, recurrente, *v.* Registrador de la Propiedad de Caguas, recurrido.

No. 945.—*Sometido:* Febrero 4, 1935. *Resuelto:* Febrero 14, 1935.

*Heriberto Torres Solá,* abogado de la recurrente; el registrador recurrido no compareció.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Encarnación Aboy viuda de Cintrón vendió a Carlos H. Blondet y su esposa María Ronda una finca rústica en la cantidad de $24,000, de los cuales recibió la vendedora $5,000, quedando los compradores a deber el resto de dicha suma. Para garantizar su pago los esposos Blondet Ronda constituyeron hipoteca a favor de Encarnación Aboy viuda de Cintrón sobre la expresada finca por la cantidad de $19,000, pagaderos en la forma estipulada, más sus intereses convenidos al 7 por ciento anual hasta el día de su total pago, caso de mora inclusive.

Presentada esta hipoteca para su inscripción en el Registro de la Propiedad de Caguas, el registrador inscribió el referido documento "haciendo constar que esta hipoteca se inscribe solamente en cuanto al capital, intereses convenidos y crédito adicional para costas y gastos, y en cuanto a los intereses de mora, en la extensión que determina el artículo 114 de la Ley Hipotecaria."

No estando conforme la Sra. Aboy con la última parte de la nota mencionada, estableció el presente recurso alegando que el Registrador de la Propiedad de Caguas erró al ins-

cribir la responsabilidad hipotecaria para los intereses de mora en la extensión que determina el artículo 114 de la Ley Hipotecaria. ·Dispone este artículo que la hipoteca constituída a favor de un crédito que devenga intereses no asegura, con perjuicio de tercero, además del capital sino los intereses de los dos últimos años transcurridos y la parte vencida de la anualidad corriente.

En sus "Comentarios a la Legislación Hipotecaria de España y Ultramar", vol. 4, pág. 136, dice Galindo y Escosura:

"El artículo 114 ha introducido una profunda variación en el derecho antiguo. La constitución de hipoteca, como accesoria al contrato del mutuo, garantizaba, no sólo el capital, sino también todos los intereses que por pacto añadido constasen en aquél, y que no estuviesen satisfechos al realizarse el crédito. Esta legislación subsiste entre el deudor y el primer acreedor, cuando no hay tercero cuyos intereses puedan perjudicarse. Pero cuando se trata de un segundo acreedor hipotecario, el artículo 114 establece que la hipoteca sólo asegura, en perjuicio de tercero, el capital, los intereses de los dos últimos años, y la parte vencida de la tercera anualidad corriente."

Barrachina dice que mientras no haya un tercero a cuyas manos haya ido a parar la finca hipotecada o no tenga sobre ésta un gravamen o derecho real, responde no sólo del capital si que de los intereses no prescritos, pues la limitación de las dos anualidades y parte vencida de la corriente a la fecha de hacerse efectivo el crédito hipotecario, es únicamente para el caso de que haya un tercero a quien ese aseguramiento perjudique. 3 Barrachina, Derecho Hipotecario y Notarial, 86.

Morell dice que tercero en el artículo 114 es todo aquél que no ha intervenido como parte en la hipoteca inscrita, ya adquiera el dominio de la finca, ya otro cualquier derecho real, pero siempre a condición de que inscriba el derecho que adquiere. 3 Morell, 717.

El presente es un caso en que hasta la fecha sólo aparecen interviniendo el primer acreedor hipotecario y el deudor original. Ni la finca ha pasado a un tercero ni sabemos que exista un segundo acreedor hipotecario. Tampoco aparece

hipotecada esa finca expresa y especialménte por una canti-
dad total determinada para el pago de intereses. ¿En qué
pueden perjudicar entonces a la parte recurrente las pala-
bras contenidas en la nota del registrador? Se alega que esta
nota contiene una limitación que lesiona y priva a la acree-
dora hipotecaria de ciertos derechos amparados por la ley,
y se arguye que por haberse escrito algo que no es necesario
se ha consignado en el registro lo que no debió haberse es-
crito. Convenimos en que las palabras de la nota relativas
a los intereses en caso de mora son oficiosas y que no tienen
razón de ser, pero no creemos que se haya ocasionado per-
juicio alguno a la recurrente por el hecho de haberse consig-
nado en el registro. El registrador inscribe, en cuanto a los
intereses de mora, en la extensión que determina el artículo
114 de la Ley Hipotecaria. ¿Y cuál es la extensión y alcance
de este precepto legal? Lo dice su texto y lo interpretan y
aclaran los juicios emitidos por los comentaristas. El ar-
tículo 114 fija el período durante el cual los intereses quedan
asegurados por la hipoteca en perjuicio de tercero. Las pa-
labras del registrador ni extienden ni limitan el alcance de
esta disposición, ni pueden afectar a la recurrente en sus de-
rechos. El artículo 114 de la Ley Hipotecaria no tiene apli-
cación, cuando no hay tercero cuyos intereses puedan perju-
dicarse. Y esto es así hágase constar o no en el registro de
la propiedad.

*Opinamos que no se ha aducido ninguna razón de peso
para dejar sin efecto la nota recurrida, la cual debe ser con-
firmada.*